NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVE COOPER, | No.    17-16795 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02649-ESW |
| v. | |
| DAVID HAASE, in his official capacity as Director, Real Property Utilization & Disposal Division, Government Services Administration; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Eileen S. Willett, Magistrate Judge, Presiding

Submitted February 4, 2019**
Phoenix, Arizona

Before:  HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

This action seeks judicial review pursuant to the Administrative Procedure

Act ("APA"), 5 U.S.C. § 702, of the decision of the General Services Administration

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("GSA") to reject Steve Cooper's bid in an auction for real property. The district court dismissed Cooper's complaint for lack of subject matter jurisdiction, citing federal sovereign immunity. We have jurisdiction over Cooper's appeal under 28 U.S.C. § 1291, and affirm.

The APA waives federal sovereign immunity when a plaintiff "suffering legal wrong because of agency action" seeks "relief other than money damages." 5 U.S.C. § 702. That waiver does not apply, however, if the relief sought is "expressly or impliedly forbidden by another statute." *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 645 (9th Cir. 1998). The Tucker Act, 28 U.S.C. § 1491, "impliedly forbids declaratory and injunctive relief and precludes [the APA § 702] waiver of sovereign immunity" for any claim founded upon an express or implied contract with the United States. *N. Side Lumber Co. v. Block*, 753 F.2d 1482, 1484–85 (9th Cir. 1985) (internal quotation marks omitted) (citing 28 U.S.C. § 1491(a)(1)).

Cooper seeks a judicial declaration that he entered into a contract with the GSA when he submitted his bid. His claim thus falls outside the APA's limited waiver of sovereign immunity. Contrary to Cooper's argument, his claim does not arise out of a statute. The Federal Property and Administrative Services Act ("FPASA") does not provide for a private cause of action. *See* 40 U.S.C. § 545. Moreover, the FPASA confers no rights upon Cooper that exist independently of the

2

purported contract.  *See Tucson Airport*, 136 F.3d at 647.

**AFFIRMED.**